**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CANAL INDEMNITY COMPANY,

Plaintiff,

v.

VERNETTA BRADLEY et al.,

Defendants.

1:12-cv-2206-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment [12] ("Motion for Default Judgment").

**I.     BACKGROUND**

On June 26, 2012, Plaintiff Canal Indemnity Company ("Plaintiff") filed this insurance coverage action seeking a declaratory judgment that it is not liable under an insurance policy to Defendants Vernetta Bradley ("Bradley"), John Wise, and Georgia Messenger Service ("Messenger"). In its Complaint [1-4], Plaintiff alleges the following facts:

(1)   Plaintiff issued Commercial General Liability Policy Number GL22280 (the "Policy") to Messenger for the policy period of July 18, 2005 to July 18, 2006 (Compl. [1] ¶ 18);

(2) The Policy provides certain liability coverage for "occurrences," which are defined as "accidents," but it does not apply to (i) liability arising from intentional torts, which are not accidents and fall within an express provision excluding coverage for "expected or intended" bodily injury," (ii) liability arising from the operations of an independent contractor, or (iii) punitive damages (id. ¶¶ 18–23);

(3) On March 3, 2008, Bradley filed a lawsuit against Wise and Messenger in the State Court of Fulton County, Georgia, captioned <u>Vernetta Bradley v. John Wise and Georgia Messenger Service, Inc.</u>, No. 2008EV004203H (the "Underlying Litigation") (id. ¶ 9);

(4) In the Underlying Litigation, Bradley alleges (i) that, on September 20, 2005, Wise assaulted and battered Bradley while Bradley worked as a security guard at the Palisades Office Park in Atlanta, Georgia, (ii) that at the time of the incident, Wise was employed by Messenger, and (iii) that Wise and Messenger are liable to Bradley for damages arising from assault and battery and that Messenger is liable to Bradley for damages arising from negligence (id. ¶¶ 7–8, 11–12);

(5) In the Underlying Litigation, Bradley seeks to recover actual damages, punitive damages, attorney's fees, and litigation expenses (id. ¶¶ 14–15);

(6) After the filing of the Underlying Litigation, the state court dismissed Bradley's negligence claims against Messenger, leaving only assault and battery claims in the action (id. ¶ 13); and

(7) At the time of the underlying incident, Wise was an independent contractor performing services for Messenger (id. ¶ 8).

On August 1, 2012, Messenger was served with process in this matter, and on August 22, 2012, Messenger filed its Answer [3]. On July 3, 2012, Bradley was served with process, and on September 7, 2012, Wise was served with process. Neither Bradley nor Wise filed an answer or otherwise has appeared in this action.

On October 29, 2012, the Clerk entered default against Bradley and Wise. On October 30, 2012, Plaintiff filed its Motion for Default Judgment seeking default judgment against Bradley and Wise and seeking declarations that Bradley and Wise are not entitled to coverage under the Policy because the alleged assault and battery are not an "accidents" covered by the Policy and are otherwise expressly excluded, Wise was an independent contractor excluded from coverage under the Policy, and the Policy does not cover claims for punitive damages.

## II. DISCUSSION

### A. Legal Standard

Rule 55(b) of the Federal Rules of Civil Procedure governs the entry of default judgments:

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
> > (A) conduct an accounting;
> > (B) determine the amount of damages;
> > (C) establish the truth of any allegation by evidence; or
> > (D) investigate any other matter.

"The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985) (citing 10A Charles Alan Wright et al., Federal Practice and Procedure § 2685 (1983)). "In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint." Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).

4

B. <u>Analysis</u>

Under Georgia law, "an insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others." <u>Manning v. USF&G Ins. Co.</u>, 589 S.E.2d 687, 688 (Ga. Ct. App. 2003) (quoting <u>Dynamic Cleaning Serv., Inc. v. First Ins. Co.</u>, 430 S.E.2d 33, 34 (Ga. Ct. App. 1993)). A liability insurer is obligated to indemnify and provide defense for claims brought against its insured when the allegations asserted against the insured evoke a cause of action covered by the policy. <u>Nationwide Mut. Fire Ins. Co. v. Somers</u>, 591 S.E.2d 430, 433 (Ga. Ct. App. 2003). Insurers must defend against even meritless claims when the complaint implicates a claim that falls within the terms of the insurance contract. See <u>St. Paul Fire & Marine Ins. Co. v. Mitchell</u>, 296 S.E.2d 126, 126 (Ga. Ct. App. 1982).

If a policy exclusion is unambiguous, however, that language must be given effect even if beneficial to the insurer and detrimental to the insured. <u>Hays v. Ga. Farm Bureau Mut. Ins. Co.</u>, 722 S.E.2d 923, 926 (Ga. Ct. App. 2012) (quoting <u>Jefferson Ins. Co. of N.Y. v. Dunn</u>, 496 S.E.2d 696, 699 (Ga. 1998)). In evaluating Plaintiff's Motion for Default Judgment, the Court considers whether Plaintiff's allegations support that coverage for damages for assault and battery, coverage for independent contractors, and coverage for punitive damages are unambiguously

excluded in the Policy. See id.

1. *Assault and Battery*

In its Complaint, Plaintiff alleges that the terms of the Policy exclude coverage for bodily harm caused by an event that is not an "occurrence," as defined in the Policy, and that an "occurrence" is limited to "accidents." Plaintiff further alleges that damages for bodily injury that is "expected or intended" are expressly excluded from coverage under the Policy. Accepting these allegations as true, the Court finds that assault and battery are not "accidents" and that damages arising from assault and battery are excluded from coverage under the Policy. See O'Dell v. St. Paul Fire & Marine Ins. Co., 478 S.E.2d 418, 420 (Ga. Ct. App. 1996) (holding that assault and battery "are by their nature intentional" and thus do not constitute "accidents"). Plaintiff is entitled to default judgment against Wise and Bradley with respect to a declaratory judgment that Wise and Bradley are not entitled to coverage under the Policy based on Wise's alleged assault and battery of Bradley.

2. *Independent Contractor*

In its Complaint, Plaintiff alleges that Wise was an independent contractor, and not an employee, of Messenger. Plaintiff further alleges that the terms of the Policy expressly exclude coverage for liability resulting from the operation of an

6

independent contractor.  Accepting these allegations as true, the Court finds that the Policy excludes coverage for acts committed by Wise, including Wise's alleged assault and battery of Bradley.  Plaintiff is entitled to default judgment against Bradley and Wise with respect to a declaratory judgment that Wise and Bradley are not entitled to coverage under the Policy based on Wise's actions, including Wise's alleged assault and battery of Bradley.

3. *Punitive Damages*

In its Complaint, Plaintiff alleges that, in the Underlying Litigation, Bradley seeks an award of punitive damages.  The Complaint further alleges that the terms of the Policy expressly exclude coverage for punitive damages.  Accepting these allegations as true, the Court finds that the Policy excludes coverage for any punitive damages awarded to Bradley in the Underlying Litigation.  Plaintiff is entitled to default judgment against Bradley and Wise with respect to a declaratory judgment that Bradley and Wise are not entitled to coverage under the Policy for punitive damages awarded in the Underlying Litigation.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment [12] is **GRANTED**.  **IT IS HEREBY DECLARED** that:

(1) As to Bradley and Wise, the allegations of assault and battery contained in the Underlying Litigation are not an "occurrence" for which the Policy provides coverage, and the allegations of assault and battery contained in Underlying Litigation are excluded from coverage under the provisions of the Policy;

(2) As to Bradley and Wise, the allegations contained in the Underlying Litigation of actions by Wise, an independent contractor of Messenger, are excluded from coverage under the provisions of the Policy; and

(3) As to Bradley and Wise, any award of punitive damages entered in the Underlying Coverage is excluded from coverage under the provisions of the Policy.

This Order does not pertain to any of Messenger's rights to coverage under the Policy.

**SO ORDERED** this 29th day of August, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE